HERBERT BUSCHMAN, Appellant, v. DIAMOND SHAMROCK CORPORATION, Respondent.—

Concur— Capozzoli, Nunez,

McNally and Macken, JJ.; Eager, J. P., dissents in the following memorandum: I would affirm. The "suggested letter agreement" (note, the word "suggested") transmitted to plaintiff by Stier's letter of May 8, 1968, was the writing which would constitute an agreement complying with the Statute of Frauds, and this was not signed by defendant. The signing by Stier of the transmittal letter was not a compliance with the statute. (See *Scheck* v. *Francis*, 26 N Y 2d 466, affd. 33 A D 2d 91.) This letter of transmittal may not be properly held to be an offer from defendant to the plaintiff; rather it is in the nature of an invitation to plaintiff to submit an offer in writing which plaintiff did and which defendant rejected. The promise of the defendant to sign was a mere executory promise without consideration. The condition was that there would be an agreement when the defendant signed. The determination of the majority which amount in effect to a remanding for the taking of parol evidence defeats the purpose of the statute, i.e., to protect transactions of this nature from fraud and perjury by immunizing them from parol evidence. (See *Dorian Holding & Trading Corp.* v. *Brunswick Term. & Ry. Securities Co.*, 230 App. Div. 514, affd. 256 N. Y. 674.) "It is settled law that a memorandum sufficient to satisfy the Statute of Frauds must in itself or by reference to other writings be complete, so that the full intention of the parties can be ascertained from it alone without recourse to parol evidence." (*Matter of Levin*, 276 App. Div. 739, 742, 277 App. Div. 758, affd. 302 N. Y. 535.)